United States District Court
Southern District of New York

| | |
|---|---|
| **M.M.**, individually and on behalf of **D.D.** <br><br> *Plaintiffs*, <br><br> -against- <br><br> **New York City Department of Education**, <br><br> *Defendant*. | Civ. No. _____ <br><br> **Complaint** |

**Preliminary Statement**

This is an action to enforce a judgment by the New York City Department of Education's Impartial Hearing Office. The Hearing Officer found that Defendant, the New York City Department of Education, violated Plaintiffs' rights under the Individuals with Disabilities Education Improvement Act ("IDEA"),[1] 20 U.S.C. § 1400, *et seq.*, Section 504 of the Rehabilitation Act, 29 U.S.C. § 701 ("Section 504"), and New York State law.

**Jurisdiction and Venue**

1. This Court has jurisdiction over Plaintiffs' IDEA claims under 20 U.S.C. § 1415, 42 U.S.C. § 1988, and as an action raising a federal question under 28 U.S.C. § 1331, and for the award of reasonable attorneys' fees under 20 U.S.C. §§ 1415(i)(2) and (3), 34 C.F.R. §§ 300.516 and 300.517, and 28 U.S.C. §§ 1331 and 1367.

---

[1] The IDEA was reauthorized in 2007 as the Individuals with Disabilities Education Improvement Act; however, the statute is still commonly referred to as the "IDEA."

2. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, to adjudicate any state claims that arise out of the same facts as the federal claims asserted herein.

3. Venue lies in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2), as it is the judicial district in which Defendant is situated or resides.

4. This Court has jurisdiction under 28 U.S.C. § 1331 because claims are asserted under the laws of the United States; under 28 U.S.C. § 1343(a) because claims are asserted under laws providing for protection of civil rights; and under 20 U.S.C. § 1415, 42 U.S.C. § 1983, and 29 U.S.C. § 794, *et. seq.*

5. If successful, Plaintiffs are entitled to costs and attorneys' fees under 42 U.S.C. § 1988(b) and 20 U.S.C. § 1415(j)(3)(B) *et. seq.*

**Parties**

6. Plaintiff M.M. is the parent and natural guardian of D.D., a now thirteen year-old boy who had been classified as a student with a disability.[2]

7. Plaintiff D.D. is a student with a disability and eligible for a Free Appropriate Public Education ("FAPE") under the Individuals with Disabilities Education Act.

8. D.D. is also eligible for a FAPE under Section 504 of the Americans with Disabilities Act ("ADA") and is protected from discrimination based upon his disability.

---

[2] Initials are used throughout this complaint in accordance with the IDEA, the Family Educational Rights and Private Act of 1974, Federal Rule of Civil Procedure 5.2, and the Electronic Case Filing Rules & Instructions of the Southern District of New York 21.3.

9. Upon information and belief, the New York City Department of Education is a local educational agency ("LEA") as defined in the IDEA.

10. Upon information and belief, the New York City Department of Education is a corporate body, created by Article 52 of the New York State Education Law, CLS Educ. Law § 2550 *et seq.*, that manages and controls the public school system of New York City and thus bears the responsibilities of an LEA under the IDEA and in the New York State Education Law. *See* 20 U.S.C. § 1415(a); N.Y. Educ. Law § 2590.

11. Upon information and belief, the New York City Department of Education receives funding pursuant to the IDEA, and therefore must comply with that statute's provisions, including providing a FAPE to all students with educationally handicapping conditions. *See* 20 U.S.C. § 1412.

12. Upon information and belief, the New York City Department of Education's headquarters is located at 52 Chambers Street, New York, New York, 10007.

13. Upon information and belief, the New York City Department of Education is responsible for developing policies with respect to the administration and operation of the public schools in New York City, including programs and services for students with disabilities. N.Y. Educ. Law § 2590-g (McKinney 1980).

## Legal Framework

14. The IDEA guarantees that all eligible children with disabilities, ages three through twenty-one, must be offered a FAPE. 20 U.S.C. § 1412(a)(1).

15. Not only children with disabilities have legal rights under IDEA; their parents are also entitled to assert legal rights on their own behalf. *Winkelman v. Parma City School Dist.*, 550 U.S. 516, 529 (2007).

16. One of the IDEA's most well-known due process rights is the right to request an impartial hearing "with respect to any matter relating to the identification, evaluation, or educational placement of [a] child" or the provision of FAPE to a child. 20 U.S.C. § 1415(b)(6)(A).

17. Thereafter, a parent "shall have an opportunity for an impartial due process hearing, which shall be conducted by the State Educational Agency ("SEA") or by the Local Education Agency ("LEA") as determined by State law or by the [SEA]." 20 U.S.C. § 1415(f)(1)(A).

18. The IDEA sets forth detailed requirements for hearing procedures. *See* 20 U.S.C. §1415(f); 34 C.F.R. §§ 300.511–516.35. In New York City, the New York City Department of Education is responsible for ensuring that impartial hearings comport with the IDEA's requirements.

19. Congress, moreover, has abrogated state sovereign immunity "from suit in Federal court for a violation of [IDEA]." 20 U.S.C. § 1403(a). Thus, "[i]n a suit against a State for a violation of [IDEA], remedies (including remedies both at law and in equity) are available for such a violation to the same extent as those remedies are available for such a violation in the suit against any public entity other than a State." 20 U.S.C. § 1403(b).

20. One of IDEA's key procedural safeguards is "[a]n opportunity for any party to present a complaint with respect to any matter relating to the identification, evaluation,

or educational placement of the child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(6).

21. In New York, the primary means for initiating a special education dispute is the filing of a written "request for an impartial due process hearing" with the New York City Department of Education's Impartial Hearing Office. 8 NYCRR § 200.5(j). *See also* NYSED, Special Education, http://www.p12.nysed.gov/specialed/lawsregs/home.html (last updated July 19, 2019).

22. Upon receipt of the parent's due process complaint notice, "the board of education shall arrange for an impartial due process hearing to be conducted." 8 NYCRR § 200.5(j)(3).

23. Upon the issuance of a decision and order from the impartial hearing, parties have forty calendar days to appeal the decision. N.Y. Educ. Law § 4404; 8 NYCRR § 279.4(a); *see also* N.Y. State Education Department, *How to Give Notice of Appeal*, OFFICE OF STATE REVIEW, https://www.sro.nysed.gov/book/how-give-notice-appeal (last visited April 28, 2022).

24. Upon the expiration of the forty days, the Hearing Officer's order and decision becomes final and non-appealable.

25. In subsequent school years, a student may invoke pendency entitlements (also known as a "stay put" program) in a due process complaint for that subsequent school year. 20 U.S.C. §1415(j). The pendency entitlement "allows the child [to] remain in the then-current educational placement of the child." *Id.*

26. Under IDEA, a student's pendency is an automatic and unconditional right. 20 U.S.C. § 1415(j). Despite this, The New York City Department of Education requires that students' pendency entitlements must first pass an additional threshold by requiring students' advocates to secure an Order of Pendency ("OP" also known as an Interim Order on Pendency or "IO") before it will honor a student's automatic and unconditional right to pendency or issue a statement of agreement, either of which is contrary to applicable law. This is true even when the New York City Department of Education does not contest the pendency program that was invoked.

27. Upon information and belief, the New York City Department of Education is the only school district in New York that forces students and their advocates to seek an OP from an impartial hearing officer even when it does not contest the pendency invoked in the due process complaint.

28. Pendency is retroactive to the date of the filing of the due process complaint. *See Mackey v. Bd. of Educ.*, 386 F.3d 158, 163 (2d Cir. 2004).

29. Plaintiffs seek to secure the statutory attorneys' fees and other recoverable costs that Plaintiffs may be awarded.

30. Upon information and belief, the New York City Department of Education's Impartial Hearing Order Implementation Unit is charged with timely complying with the Hearing Officer's decision.

## Facts

### 2020–2021 School Year—Impartial Hearing Case Number 202527

31. On August 15, 2019, Plaintiffs gave the New York City Department of Education notice that they intended to enroll D.D. in the Quad Prep School.

32. Plaintiffs filed a due process complaint on October 7, 2020, seeking alleging that the New York City Department of Education failed to provide D.D. a FAPE for the 2019-2020 school year.

33. The due process complaint was processed as case number 202527.

34. The hearing in case number 202527 was held over three days, on April 21, 2021, May 25, 2021, and June 8, 2021.

35. Plaintiffs introduced twenty-two exhibits into evidence.

36. Defendant introduced no exhibits.

37. Plaintiffs called two witnesses for their case in chief.

38. Defendant called no witnesses.

39. On September 5, 2021, the impartial hearing officer issued a twelve page decision in Plaintiffs' favor.

40. Specifically, the impartial hearing officer found the following:

   a. The New York City Department of Education failed to offer D.D. a FAPE for the 2019-2020 school year;

   b. The parents sustained their burden to show that the unilateral placement of D.D. at Quad Prep was appropriate to meet his needs for 2019-2020 school year;

  c. The equitable considerations supported awarding the Plaintiffs reimbursement for D.D.'s Quad Prep tuition for the 2019-2020.

  d. The New York City Department of Education was ordered to pay $67,700 directly to the Quad School and $17,000 to Plaintiffs for D.D.'s tuition for the 2019-2020 school year.

41. The New York City Department of Education did not appeal the Hearing Officer's decision and it is now final and non-appealable.

42. Plaintiffs are therefore the prevailing party and are entitled to their reasonable attorneys' fees and costs.

43. The Plaintiffs incurred attorneys' fees obtaining the Hearing Officers' decision and continue to incur attorneys' fees in this matter.

44. This action is timely brought to recover attorneys' fees.

45. Under the fee-shifting provisions of the IDEA statute, Plaintiffs should be awarded their reasonable attorneys' fees and other recoverable costs at the impartial hearing level, in their efforts to enforce the Order, and in this herein action in a total amount to be determined by this Court.

### Causes of Action

**FIRST CAUSE OF ACTION**
**Attorneys' Fees for Case Number 202527 and**
**Enforcement of the Hearing Officer's Order**

46. Plaintiffs repeat and re-allege the allegations of all the above paragraphs as if fully set forth herein.

47. This action follows a trial that resulted in an impartial hearing officer's decision, on the merits, in Plaintiffs' favor that also established Plaintiffs' status as a substantially prevailing party for purposes of IDEA's fee-shifting provisions.

48. Plaintiffs seek to secure the statutory attorneys' fees and other recoverable costs that Plaintiffs may be awarded in this fee application action and in the underlying administrative proceedings, as a prevailing party in case number 202527 pursuant to the express fee-shifting provisions of the federal IDEA statute, 20 U.S.C. §§ 1415(i)(3)(A)-(G).

49. Plaintiffs are the substantially prevailing party and are entitled to an award of costs and reasonable attorneys' fees under 20 U.S.C. §§ 1415(i)(3)(A)-(G).

50. Defendant has not paid any attorneys' fees or costs to Plaintiffs incurred for the 2019-2020 school year action.

51. Plaintiffs are entitled to reasonable attorneys' fees and costs incurred in connection with the actions concerning the 2019-2020 school year.

## **Conclusion**

WHEREFORE, Plaintiff respectfully requests that the Court:

i. Assume jurisdiction over this action;

ii. Award Plaintiffs $30,164.95 for reasonable attorneys' fees and costs in accordance with Plaintiffs' status as the prevailing party in case number 202527;

iii. Order the Defendant to pay Plaintiffs' reasonable attorneys' fees and costs incurred in Plaintiffs' work implementing the decisions in case number 202527 and this ensuing action;

iv. Order the Plaintiffs to submit a fee petition for the work implementing the Hearing Officer's decisions and for this ensuing action; and

v. Award such other, and further, relief as to the Court may seem just and proper.

Dated: April 28, 2022
      Tysons Corner, Virginia

Respectfully submitted,

By: _____
William DeVinney (WTD 7117)
BRIGLIA HUNDLEY, PC
1921 Gallows Road, Suite 750
Tysons Corner, VA 22182
wdevinney@brigliahundley.com
Phone: (703) 883-0880
Fax: (703) 883-0899

*Attorneys for Plaintiffs*